**Sheila PIERCE, Plaintiff–Appellant,**

v.

**KAISER FOUNDATION HOSPITALS; Local 29, Office & Professional Employees International Union, AFL–CIO & CLC, Defendants–Appellees.**

No. 10–17742.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 5, 2012.

Sheila Pierce, Oakland, CA, pro se.

Joseph Peter Mascovich, Esquire, Michele Ballard Miller, Miller Law Group, San Francisco, CA, Andrew H. Baker, Esquire, Beeson Tayer & Bodine, PC, Oakland, CA, for Defendants–Appellees.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Sheila Pierce appeals pro se from the district court's summary judgment in her action alleging that her union breached its duty of fair representation in violation of the National Labor Relations Act, and that her employer breached its collective bargaining agreement ("CBA") in violation of § 301 of the Labor Management Relations

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir.2006), and we affirm.

The district court properly granted summary judgment in Pierce's hybrid fair representation/§ 301 action because Pierce failed to raise a genuine dispute of material fact as to whether her union's conduct was arbitrary, discriminatory, or in bad faith, or as to whether her employer breached the "just cause" provision of its CBA when it terminated Pierce's employment. *See id.* at 913–14 (for a hybrid fair representation/§ 301 claim, the plaintiff must show both that the union breached its duty of fair representation and that the employer breached the CBA); *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985) ("We have emphasized that, because a union balances many collective and individual interests in deciding whether and to what extent it will pursue a particular grievance, courts should accord substantial deference to a union's decisions regarding such matters." (citation and internal quotation marks omitted)).

Pierce's remaining contentions are unpersuasive.

**AFFIRMED.**